IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ANTHONY LANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-990-R[1] |
| ) | |
| ATTORNEY GENERAL ) | |
| GENTNER DRUMMOND et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On August 29, 2025, a pleading was filed in federal court by one Emily-Jane: Whitten, on behalf of David Anthony Lance, purporting to be a civil rights complaint filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. United States District Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted and based on that review; it is recommended that the Court dismiss the Complaint.

The Complaint, as written by Ms. Whitten concerns allegations involving:

- A "Motion to Discharge Bonds" which Ms. Whitten sent to Oklahoma Attorney General Gentner Drummond, presumably on behalf of Mr. Lance;

- Charges brought against Mr. Lance related to his "failure to appear" in cases stemming from Oklahoma and Pottawatomie Counties;

- Ineffective assistance of counsel for Mr. Lance related to said cases; and

---

[1] CIV 25-1036-R was consolidated with this case by order of Judge David L. Russell entered on September 16, 2025 (ECF. No. 5). Accordingly the recommendation made herein applies to the Complaint filed in CIV-25-1036-R.

- Mr. Lance's contraction of spinal meningitis while in custody at the Oklahoma County Jail.

(ECF No. 1:1-2). Ms. Whitten/Mr. Lance allege the following causes of action, without additional explanation or reference to the prior allegations:

- A Violation of his Fourteenth Amendment right to Due Process;
- Cruel and Unusual punishment in violation of the Eighth Amendment;
- Negligence/Deliberate indifference to a Medical Need; and
- Fraud/Abuse of Power/Wrongful Bond Forfeiture.

(ECF No. 1:3). As relief, Ms. Whitten/Mr. Lance are seeking monetary damages and unspecified injunctive relief. (ECF. No. 1:3).

"A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020) (quoting *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *accord Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. Because *pro se* means to appear for one's self, however, a person may not appear on another person's behalf in the other's cause[.]" (brackets and quotations omitted)); *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001 ("Non[] attorney pro se litigants cannot represent other pro se parties).

Here, Ms. Emily-Jane: Whitten purports to be Mr. Lance's attorney in fact, but she is not an attorney admitted to practice in this court and Mr. Lance himself did not sign the pleading purportedly filed on his behalf. Thus, as it stands, the Court should dismiss the Complaint without prejudice. It is recommended that should Mr. Lance wish to pursue

the claims detailed in the present matter, he should be required to present a new initiating document and an entirely new case number should be opened and assigned. Adoption of this recommendation will render the Motion to Proceed In Forma Pauperis (ECF No. 2) moot.

Mr. Lance is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **October 17, 2025.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on September 30, 2025.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE